*M. A. Smith, for appellant.*

---

### William Lee *v.* Commonwealth.

**Criminal Law—Instruction.**

> Even an erroneous instruction as to involuntary manslaughter is · harmless, where a correct instruction as to voluntary manslaughter is given and the jury finds the defendant guilty of murder.

#### APPEAL FROM WOODFORD CIRCUIT COURT.

February 6, 1880.

Opinion by Judge Pryor:

We cannot see how the accused was prejudiced by the refusal to give the instruction in regard to involuntary manslaughter, when the jury have, with a proper instruction in regard to voluntary manslaughter, found him guilty of murder. They have found him guilty of the higher offense with an instruction that if they entertained a doubt as to the degree of the offense they should inflict the lower punishment.

Nor are we prepared to say under the facts of this case that the court should have given an instruction in regard to involuntary manslaughter. It was a killing without an excuse, and this court will not reverse for an error that could not have prejudiced the accused. Nor was the refusal to permit the witness to answer the question as to the declaration made by some one present at the time of the killing, that deceased had struck the accused on the nose, prejudicial to the accused. The nose of the accused was bleeding at the time. His own declarations that he had been struck by the deceased were admitted without objection, or if objected to the objections were withdrawn. Martha Bearly testified that when Bill came to her room his nose was bleeding very much, and when asked what was the matter, said that he had struck Simon, and that Simon had struck him on the nose and he could not stand it.

The jury could not have but considered all the facts upon which the accused based his defense, or for the purpose of mitigating his punishment. The comment of the court in regard to the condition of Simon when struck, as to the latter's capacity to understand what was transpiring at the time could not have influenced the jury. The blow was struck, the man knocked senseless in the fire, and died from the effect of the blow in a few hours. If the striking was in sudden heat and passion the jury had all the facts to enable them to pass on the question, not only the facts occurring at the time the blow was inflicted, but the declarations of the accused made in his own defense some ten or fifteen minutes after the blow was given. We see nothing in the record authorizing a reversal.

Judgment *affirmed*.

*Porter & Wallace, for appellant. Hardin, for appellee.*